IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AARON HULL,**

        Petitioner,

**v.**                                                      **Civil Action No. 5:20-cv-5**
                                                                         **(BAILEY)**

**J. COAKLEY, Warden,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On January 10, 2020, the *pro se* Petitioner, Aaron Hull, a federal inmate, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence imposed in the United States District Court for the Southern District of Illinois. The Petitioner paid the $5 filing fee on February 18, 2020.

The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

---

[1] The facts are taken from the Petitioner's criminal Case No. 3:11-cr-30042-SMY in the United States District Court for the Southern District of Illinois, available on PACER. Unless otherwise noted, the entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

On September 7, 2011, the Petitioner pleaded guilty pursuant to a Plea agreement to the offenses of Felon in Possession of a Firearm (Count 1) and Felon in Possession of Ammunition (Count 2), each of which were in violation of 18 U.S.C. § 922(g). [Docs. 27, 28, and 32]. The Presentence Investigation Report ("PSR") found the Petitioner to be a Career Offender pursuant to U.S.S.G. §§ 4B1.1 and 4B1.2. Specifically, the PSR concluded that the Petitioner had the following qualifying prior felony convictions:

1. March 28, 1984: Robbery (St. Clair County, IL, Case No. 83-CF-786);

2. November 22, 1988; Residential Burglary (St. Clair County, IL, Case No. 93-CF-525);

3. September 10, 1993: Residential Burglary (St. Clair County, IL, Case No. 93-CF-507);

4. August 19, 1996: Residential Burglary (St. Clair County, IL, Case No. 96-CF-597); and

5. February 18, 1997: Residential Burglary (St. Clair County, IL, Case No., 96-CF1287).

Based on a total offense level of 33 and a criminal history category VI, the guideline imprisonment range was calculated as 181 months to 210 months. On December 16, 2011, the petitioner was sentenced to a term of 180 months imprisonment--a sentence that fell below the advisory guidelines. [Doc. 36]. The Petitioner did not file an appeal.

On June 15, 2016, the Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, based on the Supreme Court's decision in

Johnson v. United States[2], 135 S.Ct. 2552 (2015). See 3:16-cv-00646-SMY (SDIL). The court appointed the Federal Public Defender's Office to represent the Petitioner for purposes of the Motion. On July 27, 2016, counsel moved to withdraw and asserted that the Petitioner had no meritorious basis for attaining relief under Johnson. The Government responded and agreed that the motion should be granted. On July 12, 2018, the district court concluded that all five predicate offenses described in the PSR and relied on by the sentencing court were violent predicate offenses under the ACCA's elements clause, not its residual clause. Accordingly, the district court denied the 2255 and dismissed the action with prejudice

### III. Instant § 2241 Petition

The Petitioner attacks his sentence arguing that he is actually innocent of the ACCA enhancement. The Petitioner relies on the decision in Mathis v. United States, 136 S.Ct. 2243 (2016), which he maintains is new authority which establishes that his prior Illinois state burglary convictions are no longer violent crimes and fall under the residual clause. In addition, the Petitioner relies on United States v. Haney, 840 F.3d 472 (7th Cir. 2016).  For relief, the Petitioner requests that this Court vacate and resentence without the ACCA sentencing enhancement.

### III. Legal Standard

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions

---

[2] in Johnson, the Court held that the residual clause of the ACCA's definition of "violent felony" was unconstitutionally vague and violated the Constitution's guarantee of due process.

for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.  **Pro Se Litigants.**

As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the Respondent.

C.  **Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such

4

things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[3] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a. The date on which the judgment of conviction becomes final;
    b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255

> motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

### IV. Analysis

The Petitioner does not seek relief under any permissible ground in his § 2241 petition.  The Petitioner claims do not relate to the execution of sentence or calculation of sentence by the BOP.  Instead, the claims relate to the validity of the Petitioner's sentence imposed in the Southern District of Illinois.  Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[4]

Although the Petitioner does not assert that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application.  Because the Petitioner is not contesting his conviction, the Jones standard does not apply to his petition for relief. Instead, the Court must review the Petitioner's challenge of his sentence under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the Petitioner

---

[4]The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here.

cannot meet the second element of the Wheeler test, because under Seventh Circuit law, there has been no change to the settled law which established the legality of his sentence.

The Petitioner argues that his conviction for Illinois burglary does not qualify as a predicate for the ACCA considering the Mathis[5] decision. However, the Petitioner's reliance on Mathis appears to be misplaced. Although Mathis has not been held retroactive by either the Supreme Court or the Fourth Circuit, it appears that the Seventh Circuit has concluded that it is retroactive. See Holt v. United States, 843 F.3d 720, 772 (7th Cir. 2016) (observing that "substantive decisions such as Mathis presumptively apply retroactively on collateral review"). Moreover, the undersigned acknowledges that the pre-1982 version of Illinois law covering ordinary burglary did not satisfy the federal definition and would not count as a prior felony conviction for the purpose of the ACCA. See Haney, supra. However, the Seventh Circuit has ruled that the current version of the statute, in effect since 1982, and prior to the Petitioner's entry into dwellings with the intent to commit theft in 1988, 1993, and 1996 do count as prior felony convictions and support his sentence under the ACCA. See Smith v. United States, 827 F.3d 720 (2017).

Moreover, even if the Petitioner met the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a

---

[5]In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.[6] Id. at 715 ("Foote[7] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In

---

[6] Likewise, the Seventh Circuit has succinctly held that an "an error in calculating a defendant's guideline range does not justify postconviction relief unless the defendant had, as in Narvaez v. United States, 674 F.3d 621 (7th Cir. 2011), been sentenced in the pre-Booker era, when the guidelines were mandatory rather than merely advisory." Hawkins v. United States, 724 F.3d 915, 916 (7th Cir. 2013).

[7] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Carey was sentenced in 2012, under the post-Booker, advisory Guidelines, regardless of whether there was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because the Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including

10

exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  June 30, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE